**SEBRO PACKAGING CORP., Plaintiff,**

**v.**

**LIBERTY MUTUAL FIRE INSURANCE COMPANY and The Hartford Steam Boiler Inspection and Insurance Company, Defendant.**

No. CIV. A. 96–121.

United States District Court,
D. New Jersey.

Oct. 25, 1999.

Gary E. Stern, Hackensack, NJ, for Plaintiff.

Richard C. Bennett, Cozen and O'Connor, Westmont, NJ, for Defendant Liberty Mutual Fire Insurance Company.

Ernest J. Mattei, Jonathan B. Tropp, Day, Berry & Howard, LLP, Hartford, CT, for Defendant The Hartford Steam Boiler Inspection and Insurance Company.

POLITAN, District Judge.

This matter comes before the Court on cross-motions for summary judgment.

The Court heard oral argument on March 22, 1999. For the reasons explained below, defendants' motions are GRANTED IN PART AND DENIED IN PART; plaintiff's motion is DISMISSED AS MOOT.

## BACKGROUND

Plaintiff Sebro Packaging Corporation is a New Jersey corporation engaged in the business of manufacturing cartons. Sebro has brought this action seeking to recover on a business interruption insurance policy underwritten by defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") and reinsured, in part, by defendant Hartford Steamboiler Inspection and Insurance Company ("HSB"). The insurance policy at issue in this case ("Business Interruption–Value Coverage" policy) insures plaintiffs against a business interruption that results from an accident to a covered piece of machinery.

There is no dispute in this case that, during the period from January 24, 1995 through June 17, 1996, there were several accidents to covered machines. The issue raised in these motions is whether, as plaintiff contends, coverage is triggered whenever there is an accident to a covered machine. For the reasons explained below, this Court finds that, by the express terms of the policy, coverage is triggered only when there is an accident to a covered machine and that accident causes an interruption in the insured's business.

## DISCUSSION

### I. Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment may only be granted if, drawing all inferences in favor of the nonmoving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Chipollini v. Spencer Gifts,*

*Inc.,* 814 F.2d 893, 896 (3d Cir.), *cert. dismissed,* 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, for which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. *See id.* Once that burden has been met, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial," or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S.Ct. 1348. Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact. To defeat "a properly supported summary judgment motion, the party opposing it must present sufficient evidence for a reasonable jury to find in its favor." *Groman v. Township of Manalapan,* 47 F.3d 628, 633 (3d Cir.1995).

### II. Business Interruption Value Coverage

The central question raised in these motions is what events trigger coverage under plaintiff's "value coverage" insurance policy. Defendants contend that coverage is triggered when an accident to a covered machine causes a loss to the insured. Plaintiff, on the other hand, argues that defendants are liable under the policy whenever there is an accident to a covered machine, regardless of whether that accident results in a loss or interruption in plaintiff's business.[1]

---

1. Both parties agree that under a "value policy" like the one in this case, the insured need not prove the amount of loss. An "actual loss," by contrast, requires an insured to prove the amount of its actual losses.

In the Third Circuit, a "business interruption insurance policy ... is simply a contract and its provisions should, of course, be construed as in any other contract." *Pennbarr Corp. v. Insurance Co. of North America*, 976 F.2d 145, 151 (3d Cir.1992) (citation omitted). In pertinent part, the policy at issue in this case provides:

### A. COVERAGE

1. We will pay you for your interruption of "business" during the "period of restoration" provided all of the following requirements are met:

    a. The *interruption must be caused* solely by an "accident" to an "object";

    b. The *loss must be as a result* of direct physical damage to Covered Property;

    c. The "accident" must occur during the time this coverage is in force;

    d. The "object" that has the "accident" must be:

        (1) Specified as covered in the Business Interruption Schedule;

        (2) At a location specified in the Business Interruption Schedule; and

        (3) In use or connected ready for use.

Business Interruption—Valued Coverage Endorsement, attached as Exhibit A to the Affidavit of Richard Wilson (emphasis added). The policy defines "business" as "gross income" and so a "business interruption" means an interruption in income. *See id.*

In this case, Sebro's principal contention is that its valued coverage "is completely different from the more commonly seen 'Business Interruption—Actual Loss Sustained' form. In this form there is no need to prove there was a loss—AT ALL!" Brief in Support of Plaintiff's Motion for Partial Summary Judgment and for Other Relief at 7. According to plaintiff, coverage under the policy requires only proof of an accident to a covered machine, regardless of whether that accident caused an interruption in its business. Defendants, on the other hand, contend that, in a "value" policy, the parties stipulate to the value of an insured's loss but this does not remove the insured's burden to show that it suffered some actual loss as a result of the accident.

■ In support of its reading of the policy language, plaintiff cites only to general principles of contract law. To wit, plaintiff urges this Court to construe ambiguities against the drafter and in favor of coverage, and also to interpret the policy so as to meet plaintiff's reasonable expectations. However, "genuine ambiguity exists only 'where the phrasing of the policy is so confusing the average policy holder cannot make out the boundaries of the coverage.'" *Pennbarr Corp. v. Insurance Co. of North America*, 976 F.2d 145, 151 (3d Cir.1992)(quoting *American White Cross Labs., Inc. v. Continental Ins. Co.*, 202 N.J.Super. 372, 377, 495 A.2d 152 (1985)).

■ The policy at issue in this case is not ambiguous. The endorsement clearly states that, as a prerequisite to coverage, the insured must show that an "interruption [was] caused solely by an accident" and that a "loss [was] a result of direct physical damage to Covered Property." Business Interruption—Valued Coverage Endorsement, attached as Exhibit A to the Affidavit of Richard Wilson. Plaintiff's urged reading of the policy would render these two requirements meaningless. *See id.* (stating that courts should avoid constructions that render "a portion of the writing useless or inexplicable"). Perhaps more to the point, plaintiff's reading of the policy is patently inconsistent with the plain language of the document. The contract clearly provides that coverage is triggered when there is an accident to a covered machine that causes a loss. An accident to a machine, without more, is insufficient.

This Court is unable to determine whether plaintiff Sebro experienced an interruption in business that was caused by

an accident to a covered object. This factual dispute cannot be resolved on summary judgment.

### III. Claim for Bad Faith Denial of Coverage

 Plaintiff seeks damages for defendants' allegedly bad faith denial of its claims. To prevail on such a claim, plaintiff "must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Pickett v. Lloyd's*, 131 N.J. 457, 472, 621 A.2d 445 (1993). In this Court's judgment, plaintiff's claims were "fairly debatable" within the meaning of New Jersey law. *See id.* Therefore, plaintiff may not recover on its "bad faith denial" claim. Summary judgment is warranted.

### *CONCLUSION*

For the reasons explained above, defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion for partial summary judgment is **DISMISSED AS MOOT**.[2]

### ORDER

THIS MATTER having come before the Court on cross-motions for summary judgment; and the Court having heard oral argument on March 22, 1999 and having considered the briefs and argument of counsel; and for the reasons explained more fully in the Court's Letter Opinion in the above-captioned matter; and for good cause shown;

IT IS on this 11th day of May, 1999,

ORDERED that defendants' motion for summary judgment motion be and hereby is **GRANTED IN PART AND DENIED IN PART**; and it is further

**2.** Plaintiff's motions to exclude defendants' proffered expert testimony will be resolved at

ORDERED that plaintiff's motion for summary judgment be and hereby is DISMISSED AS MOOT.